**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000629**
**18-JAN-2017**
**09:48 AM**

NO. CAAP-16-0000629

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
SAMUEL SIMMONS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTI-16-030545)

ORDER DISMISSING THE APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Upon consideration of the record, it appears that we lack jurisdiction over this appeal from the Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**), entered by the District Court of the First Circuit, Honolulu Division (**district court**), on May 11, 2016, for disregarding a single, solid white line, in violation of Hawaii Revised Statutes (**HRS**) § 291C-38(c)(3), and changing lanes without signaling, in violation of HRS § 291C-84(a), because the September 22, 2016 Notice of Appeal filed by Defendant-Appellant Samuel Simmons

(**Appellant**), pro se, is untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (**HRAP**).

An appellate court has an independent obligation to ensure jurisdiction over each case and to dismiss the appeal sua sponte if a jurisdictional defect exits. State v. Graybeard, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000).

We note that disregarding a single, solid white line, in violation of HRS § 291C-38(c)(3) (Repl. 2007), and changing lanes without signaling, in violation of HRS § 291C-84(a) (Repl. 2007), are punishable by fines, and, thus, constitute "'[t]raffic infraction[s]' . . . for which the prescribed penalties do not include imprisonment." HRS § 291D-2 (Repl. 2007). "No traffic infraction shall be classified as a criminal offense." HRS § 291D-3(a) (Repl. 2007). Appeals from judgments entered after a trial for traffic infractions "may be taken in the manner provided to appeals from district court civil judgments." Hawai'i Civil Traffic Rules Rule 19(d). Appeals from district court civil judgments are authorized by HRS § 641-1(a) (Supp. 2015), and, pursuant to Hawai'i Rules of Appellate Procedure Rule 4(a)(1), an appellant must file a notice of appeal within thirty days of a judgment.

HRAP Rule 4(a)(1) required Appellant to file the Notice of Appeal within thirty days after entry of the May 11, 2016 Judgment. Appellant did not do so and, thus, the Notice of Appeal is untimely. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in

the exercise of judicial discretion.  <u>Bacon v. Karlin</u>, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986).  Therefore, we lack appellate jurisdiction over the appeal in appellate court case number CAAP-16-0000629.

IT IS HEREBY ORDERED that appellate court case number CAAP-16-0000629 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 18, 2017.

Chief Judge

Associate Judge

Associate Judge

-3-